IN WILKES SUPERIOR COURT, JULY, 1832.

RENE STONE *vs.* S. B. HEAD, and R. H. LONG, Defendants in Execution, and JESSE MERCER, Claimant.

The construction put upon the st. of 22d Dec. 1823, in relation to dormant judgments, is, that when seven years have elapsed without any entry on the *fi. fa.* showing vigilance on the part of the plaintiff or owner, the judgment is void.

In this case a *fi. fa.* had been levied upon a tract of land which was claimed by Jesse Mercer. The sheriff who made the levy, proved that the claimant lived on the land at the time the levy was made and also that Long, one of the defendants, lived upon it at a period subsequent to the date of the judgment. Plaintiff in *fi. fa.* contended that he had proved enough to remove the onus and put the claimant to the production of his title. This was opposed by claimant's counsel. Pending the discussion it was discovered that more than seven years had elapsed between the date of the last entry and the date of the levy, and that the entry was subsequent to the 22d of December, 1823, the date of the act rendering judgments void after such lapse of time. The construction of that statute, which has been adopted by the judges in convention, is, that where seven years have elapsed, without an entry on the *fi. fa.* showing vigilance on the part of the plaintiff or owner, the judgment is void. In conformity with this construction, the *fi. fa.* now before the court is adjudged to be void and of no effect.

(a) See also Head v. Head, 3 Atkyns, 547. Seeling v. Crawley, 2 Vern. 386. Oxenden v. Oxenden, 2 Vern. 493. Angier v. Angier, Prec. in Chan. 496.

The counsel for plaintiff in *fi. fa.* then stated that the administrators of Stone believed the *fi. fa.* to have been satisfied, but finding it with other papers of their intestate, they had felt it to be their duty to levy it upon property which they knew had belonged to one of the defendants since the date of the judgment. Evidence was then offered which proved that the *fi. fa.* had been satisfied with defendant's money. The *fi. fa.* was ordered to be returned satisfied.